IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:22-CR-50-TAV-JEM |
| ) | |
| JERRY ALAN ROYSDEN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate.

This case is before the Court on Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline and Trial Date [Doc. 11], filed on July 8, 2022. Defendant asks the Court to continue the motion deadline, the plea deadline, and the trial set for August 16, 2022. Defendant states he made his initial appearance on June 10, 2022, and his counsel needs additional time to conduct research and investigation into this matter to determinate whether any pretrial motions should be filed. Defendant informs the Court that he has received discovery, and even though it is not particularly voluminous, his counsel needs additional time to review it and discuss it with him. Defendant also notes he is currently housed in Laurel County, Kentucky, making communication with his counsel difficult. In addition, Defendant has requested supplemental discovery from the Government, and he states the Government is working diligently to provide that supplement. Finally, Defendant states that his counsel needs additional time to review prospective sentencing guidelines with him and the potential impact of any conviction on his

pending state matters. For these reasons, Defendant's counsel does not believe he can adequately prepare or effectively represent Defendant due to the current deadlines and trial date.

Defendant submits that the granting of the continuance should result in the delay being excluded under the Speedy Trial Act, as the ends of justice are best served by permitting his counsel the additional time necessary for effective preparation given his counsel's exercise of due diligence, as required under 18 U.S.C. §§ 3161(h)(7)(A) and (B). Defendant also asserts that granting the request will permit the parties additional time to potentially reach a resolution of this matter. Defendant further submits that the request for extension is not being made for the purposes of delay, that the right to a speedy trial has been fully explained to him who understands the need for a continuance, and that the Government does not oppose the request. The parties have conferred with Chambers and agreed on a new trial date of February 21, 2023.

Defendant's motion [Doc. 11] is unopposed by the Government and well taken. The Court finds that the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs more time for research and investigation into this matter to determine the need for any pretrial motions, review discovery and prospective sentencing guidelines with Defendant, and engage in further discussions with the Government to potentially reach a resolution of this matter without proceeding to trial. The Court therefore concludes that without a continuance, Defendant would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline and Trial Date [**Doc. 11**] is **GRANTED**. The trial of this case is reset to **February 21, 2023**. The Court finds all the time between the filing of the motion on July 8, 2022, and the new trial date of

February 21, 2023, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. §§ 3161(h)(1)(D) & (h)(7)(A)–(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline and Trial Date [**Doc. 11**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 21, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **July 8, 2022**, and the new trial date of **February 21, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **August 22, 2022**, and responses will be due **September 6, 2022**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 20, 2023**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **February 7, 2023, at 10:00 a.m.**;

(7) The deadline for filing motions *in limine* is **February 6, 2023**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 10, 2023.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge